UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MICHAEL BERNARD ANGE, III,**

       **Plaintiff,**

v.                              **ACTION NO. 2:19cv557**

**ANDREW M. SAUL,**
**Commissioner of Social Security,**

       **Defendant.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Michael Bernard Ange, III ("Ange" or "Plaintiff"), proceeding pro se, brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA" or "Defendant") denying his claim for supplemental security income benefits. By order filed January 15, 2020, this action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 10).

### I. PROCEDURAL BACKGROUND

On October 17, 2019, Ange filed a Motion for Leave to Proceed in Forma Pauperis, along with a copy of a Complaint against SSA appealing its denial of Ange's claim for supplemental security income benefits. (ECF No. 1). The court granted Ange's Motion for Leave to Proceed in Forma Pauperis on October 21, 2019, and ordered

his Complaint be filed and served. (ECF No. 2). On January 14, 2020, SSA filed its Answer to the Complaint (ECF No. 8).

By Order entered January 16, 2020, the court set out a briefing schedule in which Ange was directed to file within 30 days a Motion for Summary Judgment with memorandum supporting his contentions and containing a statement of undisputed facts. (ECF No. 11). Ange failed to file a Motion for Summary Judgment, or otherwise respond to the court's direction, by the deadline date, and on March 2, 2020 SSA moved to have the case dismissed for lack of prosecution. (ECF Nos. 12-13). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Ange was given an opportunity to respond to Defendant's Motion to Dismiss with any material that he wished to offer in rebuttal. (ECF No. 14). Ange was advised that failure to submit any materials could result in an adverse judgment based on Defendant's motion. Ange filed no response to the Motion to Dismiss.

Because Ange had failed to respond to the court's briefing order, on April 9, 2020, the court issued a Show Cause Order directing Ange to show cause why his Complaint should not be dismissed for failure to prosecute or to comply with the Rules and Order of the court. (ECF No. 15). As of the date of this Report and Recommendation Ange has failed to file a Motion for Summary Judgment, and has failed to respond to the court's Show Cause Order or otherwise respond to the court's direction and the time for

2

doing so has now expired. In fact, the court has not received any communication whatsoever from Ange since the filing of his Complaint.

## II. ANALYSIS

In the motion presently before the court, Defendant requests that Ange's claim be dismissed pursuant to Federal Rule of Civil Procedure 41(b), which provides that a defendant may move for an involuntary dismissal when a plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). As stated above, Plaintiff has failed to comply with multiple orders of this court, and has otherwise failed to prosecute the case.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Defendant's Motion to Dismiss (ECF No. 12) be GRANTED and the instant action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a)

of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia

May 6, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

>**Michael Bernard Ange, III**
>1407 Country Road
>Chesapeake, VA 23324

An electronic copy of the Report and Recommendation was provided via CM/ECF to:

>**Kent Pendleton Porter**
>United States Attorney Office
>101 W Main St
>Suite 8000
>Norfolk, VA 23510


Fernando Galindo, Clerk

By_____E. Price_____
       Deputy Clerk

____May 6,_____, 2020